UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry W. Scott, Jr., # 315277, | ) | C/A No. 5:13-2977-DCN-KDW |
| Petitioner, | ) ) ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| John R. Pate, Warden | ) ) ) | |
| Respondent. | ) ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and the court's Local Civil Rule 73.02(B)(2)(c), the undersigned is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the United States District Judge assigned to this matter. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

In his Amended Petition, ECF No. 12, this state prisoner ("Petitioner") asks this court to force the South Carolina Department of Corrections ("SCDC") to release him from prison due to his substantial assistance provided to Newberry County law enforcement. He alleges that his assistance has resulted in arrests and prison sentences for other persons, but that he is now in fear for his and his family members' lives because his assistance is known to other inmates. Petitioner has another *non-habeas* civil action case with similar allegations currently pending in this court against several SCDC employees who allegedly made the information known to other inmates. *See Scott v. Jones*, Civil Action No. 5:13-2870-DCN-KDW (service of process issued November 25, 2013; counsel appeared for Defendants December 20, 2013; responsive pleading due January 15, 2014).[1]

---

[1]The court may take judicial notice of Civil Action No.5:13-2870-DCN-KDW. *See Aloe Creme Labs., Inc. v. Francine Co.* ., 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the pro se Amended Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Amended Petition submitted in this case should be summarily dismissed.

---

note that the most frequent use of judicial notice is in noticing the content of court records.") (internal quotation and citation omitted).

## **DISCUSSION**

Following close review of the allegations contained in Petitioner's Amended Petition herein, these allegations are duplicative of Civil Action No. 5:13-2870-DCN-KDW. Even though this was submitted as a habeas-corpus action and Civil Action No. 5:13-2870-DCN was submitted as a "regular" prisoner complaint, the two suits are about the same subject matter and seek similar relief. The court will not entertain two separate, identical lawsuits filed by the same individual against, essentially, the same parties (or their representatives). To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances: "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Labs.,* 425 F.2d at 1296.

Defendants are obligated to respond to the Complaint submitted by Petitioner in Civil Action No. 5:13-2870-DCN-KDW, and Petitioner should produce his best evidence and claims in that case without distraction by another substantially similar, but separate, lawsuit. Petitioner will have a full opportunity to litigate his claims within the appropriate confines of applicable court procedures in Civil Action No. 5:13-2870-DCN-KDW.

## **RECOMMENDATION**

Accordingly, it is recommended that the Amended Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and that Petitioner litigate his claims in his other currently pending case.

IT IS SO RECOMMENDED.

January 2, 2014     Kaymani D. West
Florence, South Carolina     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).